# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SUE ALLEN, on her own behalf and others similarly situated,**

                **Plaintiff,**

-vs-                                Case No. 6:06-cv-1441-Orl-31KRS

**SHAYONA ENTERPRISES OF AMERICA, INC., d/b/a Weavers Cleaners USA,**

                **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 12)
>
> **FILED:** January 23, 2007

## I. PROCEDURAL HISTORY.

On September 20, 2006, Plaintiff Sue Allen filed a complaint against Shayona Enterprises of America, Inc. d/b/a Weaver's Cleaners USA (Shayona Enterprises) alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and breach of an oral contract. Doc. No. 1.[1] The complaint asserted claims by Allen "on

---

[1] The complaint includes allegations regarding an FLSA minimum wage claim. Doc. No. 1, Count II, ¶¶ 14-19. However, Allen's affidavit includes no averments regarding unpaid minimum

her own behalf and others similarly situated." Doc. No. 1 caption; *see also id*. ¶¶ 3, 7-8; Count I Prayer for Relief.

The complaint was served on the defendant. Doc. No. 6. Shayona Enterprises did not respond to the complaint. Accordingly, at Allen's request, the Clerk of Court entered a default against Shayona Enterprises. Doc. No. 10. Allen then filed the present motion for entry of a default judgment against Shayona Enterprises. Doc. No. 12. She filed the following evidence in support of the motion:

- Affidavit of Sue Allen, doc. no. 12-2 at 4-6 (Allen Aff.);

- Affidavit for Reasonable Attorney's Fees, by Richard B. Celler, doc. no. 12-2 at 8-9 (Celler Aff.);

- A time sheet for work performed by Celler, doc. no. 12-2 at 11 (Time Sheet); and

- Documents regarding costs incurred, doc. no. 12-2 at 2, 13-14 (Cost Documents).

Because the present motion addressed only Allen's claims, I entered a supplemental briefing order requiring Allen to address whether the collective action allegations should be dismissed and the present motion resolved only insofar as it relates to her claims. Doc. No. 13. Allen responded that "the purported collective action should be dismissed as [Allen] is the sole Plaintiff involved in the above styled action." Doc. No. 17. Accordingly, I will address the motion only as it relates to Allen's claims.

Mina Patel and Kamlesh Patel, the principals of Shayona Enterprises (who are not named in the complaint) filed two documents in this case, doc. nos. 14, 18, both of which were stricken, doc.

---

wages, and she does not address the minimum wage issue in the present motion. Therefore, I consider this claim to have been abandoned.

nos. 15, 19.  I advised Shayona Enterprises that under the Local Rules of this Court, a corporation can only appear and be heard through counsel admitted to practice in this Court.  I also gave Shayona Enterprises additional time to retain counsel who could move that the default be set aside.  I warned Shayona Enterprises that failure to do so within the time permitted would result in the Court entering a decision on the pending motion for default judgment.  Shayona Enterprises has not retained counsel, moved that the default be set aside, or otherwise complied with the orders of the Court, and the time for doing so has passed.

## II.     STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages.  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil

Procedure 55(b)(2)).  However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *Id*.

### III. ALLEGATIONS OF THE COMPLAINT.

Allen was employed by Shayona Enterprises as a non-exempt store employee.  Doc. No. 1 ¶ 1.  Shayona Enterprises is an employer as defined in the FLSA, and Allen was engaged in commerce as defined in the FLSA.  *Id.* ¶ 5.

Allen "regularly worked overtime hours but [was] not paid time and one half compensation for same."  The failure to pay overtime was willful.  *Id*. ¶¶ 10, 11.

Also, "Defendant orally agreed to pay [Allen] $475 per week for a forty (40) hour work week," to which Allen agreed.  *Id*. ¶¶ 21, 22.  Shayona Enterprises breached this agreement, and Allen has been damaged.  *Id*. ¶¶ 23-24.

### IV. ANALYSIS.

*A.    Liability.*

1. <u>FLSA Overtime Compensation Claim</u>.

To prevail on her FLSA overtime claim, Allen must establish the following:

First, that she was employed by Shayona Enterprises during the time period involved;

Second, that she was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that Shayona Enterprises failed to pay the overtime compensation required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

By failing to answer the complaint, Shayona Enterprises admits that it employed Allen during the relevant time period. It admits that it was an employer and was required to comply with the FLSA. It also admits that it failed to pay overtime compensation as required by the FLSA. Accordingly, Shayona Enterprises is liable to Allen for overtime compensation due but unpaid.

        2.        <u>Breach of Contract Claim</u>.

"'Under Florida law, the elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages.'" *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1210 (M.D. Fla. 2002) (quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st Dist. Ct. App. 1992)).

By failing to answer the complaint, Shayona Enterprises admits that: (1) it entered into an oral employment contract with Allen; (2) it did not pay her for her work; and (3) Allen was damaged as a result of its nonpayment. This is sufficient to establish liability for breach of contract.

    *B.*    *Damages.*

        1.        <u>FLSA Overtime Claim</u>.

Under the FLSA, Allen is entitled to be paid one and one-half times her regular rate of pay for all hours worked in excess of forty during a workweek. *See* 29 U.S.C. § 207(a)(1). Allen avers that she worked for Shayona Enterprises from June 1, 1980 until July 15, 2006. Allen Aff. ¶ 4. She further attests as follows: "During my employment with [Shayona Enterprises], I generally worked between five (5) and six (6) days per week, and approximately sixty-six (66) hours per week." *Id*. Allen avers that she was paid $475.00 per week, which equals a regular rate of pay of $11.88 per hour for a forty-hour workweek. Allen Aff. ¶¶ 4, 6.

Allen avers that Shayona Enterprises "failed to provide me with time and a half my compensation, for my hours worked in excess of forty (40) within a workweek . . . ." *Id*. ¶ 5. Accordingly, she calculates that she is entitled to $5.94 for each hour of overtime worked ($5.94 is one half of $11.88). *Id*. ¶ 6. Based on the evidence presented, Allen is entitled to the overtime premium, one-half her regular rate of pay, or $5.94 per hour, for all hours of overtime worked.

Allen avers that she worked sixty-six (66) hours per week, every week, for the three years leading up to the filing of her complaint. *Id*. ¶¶ 4, 6. She seeks three years of unpaid overtime wages because that is the applicable statute of limitations for actions in which the FLSA violation was willful. 29 U.S.C. § 255(a).

It is well established that "'where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). In this case, the defendant has not answered the complaint. Thus, I find that Allen's affidavit is sufficient evidence to show the amount and extent of the work she performed.

"The general rule is that a claim for unpaid overtime wages under the FLSA accrues at the end of each pay period when it is not paid." *Aly v. Butts County, Ga.*, 841 F. Supp. 1199, 1201 (M.D. Ga. 1994) (collecting cases). Accordingly, under the three year statute of limitations, Allen may recover unpaid overtime compensation for the period between September 20, 2006, the date on which she filed her complaint, and September 20, 2003. Her affidavit indicates that her

employment ended July 15, 2006. Allen Aff. ¶ 4.  Accordingly, Allen is entitled to overtime compensation for 147 weeks of work.[2]

Based on 26 hours of overtime per week, at a rate of $5.94 per hour, Allen is entitled to $154.44 per week in unpaid overtime compensation. $154.44 multiplied by 147 weeks equals $22,702.68 in overtime compensation due and not paid.

    2.    <u>Liquidated Damages</u>.

By failing to answer the complaint, Shayona Enterprises admits that it acted willfully in failing to pay Allen the statutorily required overtime compensation.  When, as here, the defendant has not presented a defense that its failure to pay overtime compensation was in good faith, the court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of . . . [the employee's] unpaid overtime compensation." 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).  Accordingly, Shayona Enterprises is liable to pay Allen the amount of unpaid overtime compensation owed to her, $22,702.68, as liquidated damages.

    3.    <u>Breach of Contract</u>.

Pursuant to the terms of their contract, Allen was to be paid $475.00 per week.  She avers that Shayona Enterprises "failed to pay [her] final paycheck for [her] final two weeks of work    .

---

[2]  There are 1029 days between September 20, 2003, and July 15, 2006, both of which are Saturdays.  The total number of days, 1029, divided by the number of days in a week, 7, equals 147 work weeks.

. . ." Allen Aff. ¶ 7. Therefore, Allen is entitled to $950.00 ($475.00 for two weeks) for breach of contract.[3]

   C.   *Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Allen seeks an award of $3,780.00 for the services provided by her attorney in connection with this case. Celler Aff. ¶ 4.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . .

---

   [3] In her affidavit, Allen requests liquidated damages for this amount. *Id*. ¶ 8. However, liquidated damages are only available under the FLSA, not under state contract law.

[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id*.

                1.      <u>Reasonable Hourly Rate</u>.

Allen requests attorney's fees of $300.00 per hour for work performed by her attorney, Richard B. Celler, Esq., which Celler avers is his regular rate. Celler Aff. ¶ 4.

Allen and Celler did not provide any evidence of Celler's experience or hourly rates awarded for his work in other cases. In another FLSA case, this Court determined that a reasonable rate for Celler's services, considering the Orlando legal market, is $250.00 per hour. *Salerno v. Bouchelle Island Dev. Corp.*, No. 6:05-cv-1841-Orl-31DAB, 2007 WL 113983, at *2 (M.D. Fla. Jan. 10, 2007). In the absence of evidence supporting reconsideration of the hourly rate set in *Salerno*, I find that $250.00 per hour is reasonable for Celler's work in this case.

      2.    <u>Reasonable Number of Hours</u>.

Celler submitted a time sheet that reflects 12.6 hours worked in this case. Time Sheet. Even though the defendants have not objected to the attorneys' fees sought, the Court must review the time worked to determine whether it is reasonable.

Celler spent an inordinate amount of time on some routine tasks. Specifically, on September 25, 2006, he recorded 0.3 hours to receive and review the Order on Interested Persons, and on October 7, 2006, he recorded 0.3 hours to complete and electronically file a Certificate of Interested Persons and Notice of Pendency of Other Actions. Review of the file reflects that the Notice of Pendency of Other Actions is merely a form supplied by the Court on which Celler checked that there were no related cases, dated and electronically signed it. Doc. No. 5. Similarly, the Certificate of Interested Persons is a form supplied by the Court in which Celler inserted the names of the parties and lawyers representing the parties and indicated that the case was brought as a putative collective action. Doc. No. 6. These forms are standard in all litigation in this Court, and Celler is familiar with them. A reasonable time to review and complete each form is 0.1 hours. Accordingly, I recommend that Celler's time for these tasks be reduced by 0.4 hours.

On October 9, 2006, Celler recorded 0.3 hours for "Receipt and review of Affidavit of Service regarding Defendant, calendared Answer date regarding same." On October 13, 2006, he recorded 0.3 hours "Review file for purposes of determining status of Defendant's response to Complaint and calendaring date to file Motion for Clerk's Default." It is unclear how these entries differ in any material respect. Therefore, I recommend that Celler's time be reduced by 0.3 hours.

On January 12, 2007, Celler recorded 0.2 hours for "Receipt and review of Order to Show Cause"; and on January 23, he recorded 0.3 hours for preparing the response. The show cause

-10-

order was entered because Allen did not seek a default after the time passed for Shayona Enterprises to answer the complaint. Because the time spent preparing a response to the order to show cause was required due to Allen's failure to act, the defendant is not reasonably charged with attorney's fees for that work. Therefore, I recommend that Celler's time be reduced by 0.5 hours.

In total, I recommend that Celler's time be reduced by hours 1.2, reducing the total number of reasonable hours to 11.4 hours. At $250.00 per hour, this results in a total attorney's fees award of $2,850.00.

### 3.  Costs.

Allen seeks an award of costs in the amount of $440.00 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($90.00). Cost Documents. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001).

The evidence submitted is inconsistent regarding the cost of service of process. The affidavit reflecting service of process on September 29, 2006, by the Volusia County Sheriff's Department, Doc. No. 12-2 at 2, reflects that the service fee was $20.00. An invoice from Gissen & Zawyer Process Service, Inc., *id* at 14, reflects a service fee of $55.00 plus an "EXTRA FILING FEE (ORLANDO DISTRICT COURT)" of $35.00. There is no additional fee for filing notice of service of process with this Court. Further, there is no evidence that a second service of process

was required.  Accordingly, I recommend that Allen be awarded $20.00 in costs for service of process and $350.00 in costs for the filing fee, for a total of $370.00.

## V.     RECOMMENDATION.

For the foregoing reasons I respectfully recommend that Allen's Motion for Entry of Final Default Judgment (Doc. No. 31) be **GRANTED in part and DENIED in part**.  I respectfully recommend that the collective action allegations in the complaint be **DISMISSED**.  I further recommend that the Court enter a default judgment against Shayona Enterprises on Allen's FLSA claim for unpaid overtime compensation and order Shayona Enterprises to pay Allen damages in the amount of $45,405.36 (including liquidated damages); enter a default judgment against Shayona Enterprises on Allen's breach of contract claim and order Shayona Enterprises to pay Allen damages in the amount of $950.00; and, order Shayona Enterprises to pay attorney's fees in the amount of $2,850.00, and costs in the amount of $370.00.  I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

Recommended in Orlando, Florida on May 16, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy