UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SUE ALLEN,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-1441-Orl-31KRS**

**SHAYONA ENTERPRISES OF AMERICA, INC., d/b/a Weavers Cleaners USA,**

**Defendant.**

---

# ORDER

This matter comes before the Court on the Defendant's Motion to Set Aside Clerk's Default (Doc. 24) and the Plaintiff's Response thereto (Doc. 25).

**I. Background**

On September 20, 2006, Plaintiff filed a complaint against the Defendant alleging violations of the Fair Labor Standards Act ("FLSA"). (Doc. 1). The Plaintiff specifically alleged violations of the overtime and minimum wage provisions of FLSA. (Doc. 1). The complaint was served on the Defendant (Doc. 7), however, the Defendant failed to respond. (Doc. 9 at 1-2). On January 17, 2007 the Clerk of Court entered a default judgment against the Defendant at the request of the Plaintiff. (Doc. 10). The Plaintiff then filed a motion for entry of default final judgment against the Defendant. (Doc. 12).

The Defendant has submitted only two documents regarding this case, (Docs. 14, 18), both of which were stricken by Magistrate Judge Spaulding. (Docs. 15, 19). When these documents

were stricken, Judge Spaulding advised the Defendant that under "the Local Rules of this Court, a corporation can only appear and be heard through counsel admitted to practice in this Court." (Doc. 20 at 3). Judge Spaulding gave the Defendant additional time to retain counsel to properly move that the default be set aside. (Doc. 20 at 3). Judge Spaulding also warned the Defendant that if it did not retain counsel, this Court would enter a decision on the pending motion for default final judgment. (Doc. 20 at 3). The Defendant did not heed the Judge's warning and failed to retain counsel, thus it was not able to move to set aside the default. On May 16, 2007, Judge Spaulding filed a report and recommendation regarding the Plaintiff's motion for default final judgment (Doc. 20) which was adopted by this Court (Doc. 21). Pursuant to that order default final judgment was entered by the clerk on June 6, 2007. (Doc. 22). On July, 5, 2007, the Defendant, after retaining counsel, filed the instant motion to set aside the default final judgment. (Doc. 24).

**II. Standard of Review**

Federal Rules of Civil Procedure 55(c) and 60(b) ("Rule 60(b)") grant this Court discretion in setting aside default judgments. *Insurance Company of North America v. Morrison*, 154 F.R.D. 278, 279 (M.D.Fla 1994). Specifically, Rule 60(b) allows the court to set aside a default judgment if the movant shows mistake, inadvertence, or excusable neglect. Fed. R. Civ. P. 60(b). To establish mistake, inadvertence, or excusable neglect, the movant must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

**III. Legal Analysis**

Although the Defendant argues that all three elements are present, this Court finds that Defendant has failed to meet the third element, because it has not established a good reason for failing to reply to the complaint. The Defendant contends that, due to its lack of legal sophistication, it was not aware of the significance of the Plaintiff's motion. (Doc. 24 at 4). Furthermore, Defendant alleges that it attempted to submit an answer to this Court,[1] but was unable to do so because it was not represented by counsel. (Docs. 18, 19).

The Defendant was given ample notice and opportunity to obtain the necessary legal counsel by Judge Spaulding, but failed to do so. (Doc. 20 at 3). Furthermore, a corporation's "failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect." *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987). The Defendant's lack of legal sophistication and inability to obtain the necessary counsel is analogous to a failure to establish minimum procedural safeguards. *See Florida's Physician Ins. Co., Inc.* v. *Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993). The Defendant in the instant action is a corporation and has a duty to know what actions are necessary to protect its interests when defending itself in a lawsuit. *See id.*

[1]The Defendant contends that this document was submitted to this Court on October 26, 2006. However, this Court received the document on March 23, 2007, approximately five months after the Defendant claims it was submitted to the court. Additionally, the document itself is dated March 21, 2007 (Doc. 18) and the Court has no record of any documents received by the Defendant on October 26, 2006.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that the Defendant's Motion to Set Aside Default Final Judgment (Doc. 24) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 25, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party